UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                          )
                                )
Donna P. Griffin,               )        Case No. 13-89001C-7D
                                )
         Debtor.                )

OPINION AND ORDER

This case came before the court on February 28, 2013, for hearing on the Debtor's amended motion pursuant to section 722 of the Bankruptcy Code to redeem a 2004 Chevrolet automobile which is subject to a lien held by GMAC (the "Motion"). In order to redeem under section 722 the Debtor is required to pay GMAC "the amount of the allowed secured claim . . . that is secured by such lien in full at the time of redemption." The problem for the Debtor is that in determining the amount of the allowed secured claim of GMAC, the Debtor proposes to use a valuation of the Chevrolet made during the chapter 13 phase of this case[1] that was based upon the NADA trade-in value of the Chevrolet. This approach to section 722 is not permissible under current law.

---

[1] For valuation purposes, it is immaterial that this case is a converted case in which there was a valuation of the Chevrolet while this case was proceeding under chapter 13. Although valuations that were made during a chapter 13 case formerly were carried over to the chapter 7 case when there was a conversion from chapter 13 to chapter 7, this was changed in 2005 by an amendment to section 348(f) of the Bankruptcy Code. Section 348(f)(1)(B) now provides that "valuations of property and of allowed secured claims in the chapter 13 case apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7 . . . ."

In a chapter 7 case involving an individual debtor, valuation of personal property and determination of secured status is controlled by section 506(a)(2) of the Bankruptcy Code. Section 506(a)(2) provides:

> If the debtor is an individual in a case under chapter 7 or chapter 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

In order to utilize section 722, a debtor must comply with section 506(a)(2) in establishing the amount of the allowed secured claim that must be paid to the secured creditor.[2] Under section 506(a)(2), where the debtor is an individual in a chapter 7 or chapter 13 case, the secured amount of a claim secured by personal property "shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing." With respect to personal property acquired for personal, family, or household

---

[2] The Movant's reliance in the Motion upon the opinion and order in In re Murray, No. 00-10603, slip op. at 5-6 (Bankr. M.D.N.C. June 23, 2000), is misplaced. The portion of the opinion in Murray dealing with the appropriate standard for determining the value at which a motor vehicle may be redeemed was superseded by the 2005 amendment to section 506(a) which is quoted above.

purposes, "replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined." The fact that section 506(a)(2) requires that "replacement value" be utilized and, in the case of personal property such as an automobile acquired for personal or family use, defines "replacement value" as the price that a "retail merchant" would charge for such property convinces the court that the valuation inquiry under section 722 must consider what a retail merchant would charge for the particular property, and not what value such property would have as a trade-in.

Motor vehicles are the subject of widely accepted publications such as the NADA Official Used Car Guide or "blue book," which values automobiles at both retail and trade-in or wholesale values. To the extent that such publications are used in the context of a section 722 redemption in a chapter 7 case, the court concludes that retail value is the starting point for determining the value of a motor vehicle. The NADA retail price assumes a vehicle with no mechanical defects, that passes all necessary inspections, and with body paint that has only minor surface scratching with a high gloss.[3] Typically, the automobile of a bankruptcy debtor has not been reconditioned to bring it up to the NADA retail standard and

---

[3] <u>NADA Official Used Car Guide</u>, Southeastern Ed., Feb. 2013, p. iv-v.

hence most likely would be sold for less than NADA retail if sold in its actual condition. As a general rule, a ten percent reduction in the NADA retail price will serve to adequately reflect this disparity in condition. Such a reduction is consistent with section 506(a)(2) which directs that the "age and condition" of the property be considered in determining what a retail merchant would charge for such property. Accordingly, chapter 7 debtors who wish to redeem a motor vehicle under section 722 should utilize ninety percent of the NADA retail price of the vehicle in determining the amount of the secured creditor's claim unless they are prepared to offer evidence of a different value. The Debtor's valuation of her automobile on the basis of the NADA trade-in value does not satisfy the requirements of section 506(a)(2) and the Motion therefore will be denied without prejudice.

IT IS SO ORDERED.

This 1st day of March, 2013.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge